Anne W. NORLOFF, Plaintiff,

v.

Commonwealth of VIRGINIA,
and Harold G. Hobson,
Jr., Defendants.

No. Civ.A. 97–980–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 10, 1998.

Jay Donald Majors, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, for plaintiff.

Bradley Brent Cavedo, Shuford, Rubin & Gibney, Jr., Richmond, VA, for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter comes before the Court on the defendants' motion for summary judgment. Plaintiff, Anne Norloff, is a former special counsel to the Attorney General in the Division of Child Support Enforcement of the Department of Social Service ("DSS") of the Commonwealth of Virginia. She served in that capacity from July 1, 1991 until October 31, 1996, at which time she resigned.

Plaintiff alleges violation of Title VII and seeks damages from the Commonwealth for disparate treatment in Count I and creating a hostile work environment in Count II. Plaintiff also alleges, in Count III, that Harold G. Hobson, the Employee Relations Manager of DSS, denied her equal protection of the law. Plaintiff's additional discrimination claim against two other individual employees of the DSS was dismissed by this Court on October 6, 1997. Plaintiff had fifteen days to file an Amended Complaint against the Commonwealth. The Commonwealth and Hobson now are moving for summary judgment against Plaintiff's Amended Complaint.

Plaintiff contends that in December 1995, less than one month after she formally criticized the work performance of a co-worker, Wayne Edwards, Edwards made statements about Plaintiff's alleged sexual activities. He accused her of having a "promiscuous relationship" with another individual in the office, and he described sexual activities he claimed that Plaintiff discussed. A DSS supervisor asked Edwards to put these accusations in writing, and Edwards allegedly refused. As a result of Edwards' allegations, DSS commenced an investigation of Plaintiff, but found that the allegation could not be proved.

Harold Hobson allegedly oversaw this investigation. Plaintiff alleges that Hobson was reputed to have a personal agenda to take special care to protect African-American employees of DSS. Plaintiff states that Hobson's actions in connection with the investigation demonstrated his desire to support Edwards, because he is African-American, and to delve unnecessarily deeply into her sexual history. Hobson allegedly demanded that the investigators interview Mr. Lozada, a friend of Plaintiff's, regarding their alleged sex life. Hobson ultimately concluded the investigation, and on June 4, 1996 Betsy Elliot, the Senior Special Counsel, issued Plaintiff a letter notifying her of Hobson's decision and formally warning Plaintiff regarding her behavior.

Plaintiff argues that her work location was transferred from the Arlington courthouse to the Fairfax courthouse in March, 1996. Plaintiff alleges that the decision to move her to Fairfax was based on the fact that she was white and, therefore, should be transferred instead of Edwards, who is African-American. Plaintiff also contends that the decision was made on the basis of gender, because Defendants have not transferred men accused of sexual harassment.

Plaintiff argues that the transfer imposed significant hardship on her, because her workload increased and she received no additional compensation. Her career development allegedly was hindered because she could no longer use her Spanish speaking skills, and because she was now isolated from the professional community which she had developed over years of practice in Arlington. Additionally, Plaintiff contends she developed symptoms of suicidal depression, sleeplessness, loss of appetite, and a job-stress-related kidney infection. In October 1996, Plaintiff resigned from DSS.

■ Plaintiff alleges discrimination by reason of her employer's failure to investigate her charge against Edwards. Plaintiff argues that Edwards' comment that she was promiscuous constituted sexual harassment of her by Edwards, and that the Commonwealth's failure to investigate her claim amounts to discrimination. Plaintiff's argument fails, because Title VII's prohibition against sexual discrimination in employment is not directed against unpleasantness *per se.* Not all harassment is actionable under Title VII, only that which is in some way linked to Plaintiff's sex. *See Doe v. City of Belleville,* 119 F.3d 563, 570 (7th Cir.1997). The kind of workplace unpleasantness which violates Title VII is pervasive hostile treatment which would not occur but for the plaintiff's gender. *See id.* There is nothing in the report that constitutes harassment based on Plaintiff's gender. Edwards claimed to be offended by Plaintiff's talk about her sex life, not by her gender.

■ Plaintiff further alleges that she suffered disparate treatment as a result of the defendants' actions. Plaintiff alleges that two males were accused of sexual harassment but neither was transferred. In order to prove a *prima facie* case of disparate treatment, a plaintiff must establish that: (1) the plaintiff is a member of protected class; (2) her employer took adverse employment actions against her; and (3) similarly-situated employees who are not members of the protected class were not subject to similar adverse employment actions. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Carter v. Ball,* 33 F.3d 450, 460 (4th Cir.1994). This argument of Plaintiff's must fail as well, because Plaintiff and the two men were not similarly situated. The two instances involve different locations, different conduct, and different punishment. Thus Plaintiff cannot make out a *prima facie* case of disparate treatment.

■ Plaintiff further alleges that she was subjected to a sexually "hostile work environment," due to the defendants' improper and biased investigation of Edwards' complaint. A "hostile" work envi-

ronment is one in which sexual or racial discrimination is frequent, severe, physically threatening or mentally humiliating, to such a degree that it unreasonably interferes with the plaintiff's work performance. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Beardsley v. Webb,* 30 F.3d 524 (4th Cir.1994). Measured by a reasonable person standard, as required by *Harris,* Betsy Elliot's letter could not have created an "abusive" working environment, nor can the investigation that preceded Elliot's letter. The investigation was neither inappropriate nor motivated by Plaintiff's race or gender. Defendants simply were following up on a complaint within the workplace.

 Plaintiff also alleges that she was "forced to resign." In order to prevail on a claim of constructive discharge, Plaintiff must show that her employer deliberately made working conditions ."intolerable." *See Bristow v. Daily Press, Inc.,* 770 F.2d 1251, 1255 (4th Cir.1985). Plaintiff refused to work with Edwards and was, therefore, given an assignment in Fairfax, where she would not have to work with him. Plaintiff cannot reasonably claim that her working conditions in Fairfax were "intolerable," because she worked out of the same office as before her reassignment, with the same pay and benefits.

Defendants have moved for summary judgment. Summary judgment is appropriate when there is no genuine issue as to any material fact. *See* FED.R.CIV.P. 56(c). Further, an adverse party may not oppose a motion for summary judgment supported by affidavits through reliance on the allegations or denials of its pleading but must set forth by affidavits, or other means provided by Rule 56, specific facts which show a genuine issue of material fact. *See* FED.R.CIV.P. 56(e). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87,

106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A material fact in dispute appears when its existence or non-existence could lead a jury to different outcomes. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party. *See id.* Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.,* 800 F.2d 409, 411–12 (4th Cir.1986). Summary Judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

 Summary judgment is appropriate here. Plaintiff's assignment from Arlington to Fairfax cases was not an adverse employment action. Before and after Plaintiff's transfer on March 15, 1996, she had the same kind of job, the same rank, the same pay, the same responsibilities, and the same office. The re-assignment of an employee to a different geographic subset within a relatively compact region without any change in general duties, pay, benefits, or prerequisites of office does not constitute an adverse employment action. *See DiMeglio v. Haines,* 45 F.3d 790, 806–07 (4th Cir.1995). Defendants' motion for summary judgment should be granted.